# EXHIBIT A

| | |
|---|---|
| CODY DOIG<br>ASSISTANT ATTORNEY GENERAL<br>ALASKA DEPARTMENT OF LAW<br>1031 W. 4th Ave., Suite 200<br>Anchorage, AK 99501-1994<br>(907) 269-5211<br>Cody.Doig@alaska.gov | WILLIAM J. JACKSON<br>JENNIFER C. BARKS<br>MARIA F. PIMIENTA<br>KELLEY DRYE & WARREN LLP<br>515 Post Oak Boulevard, Suite 900<br>Houston, TX 77027<br>(713) 355-5000<br>BJackson@kelleydrye.com<br>JBarks@kelleydrye.com<br>MPimienta@kelleydrye.com |
| | ANDREW W. HOMER<br>KELLEY DRYE & WARREN LLP<br>7825 Fay Avenue, Suite 200<br>La Jolla, California 92037<br>(858) 795-0426 |
| ATTORNEYS FOR THE PLAINTIFFS | AHomer@kelleydrye.com |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| THE STATE OF ALASKA; AND THE<br>ALASKA DEPARTMENT OF<br>ENVIRONMENTAL CONSERVATION<br><br>    *Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>UNITED STATES DEPARTMENT OF INTERIOR;<br>DEB HAALAND, in her official capacity as<br>Secretary of the United States Department of Interior;<br>BUREAU OF LAND MANAGEMENT; AND<br>TRACY STONE-MANNING, in her official capacity<br>as Director of the Bureau of Land Management,<br><br>    *Defendants*. | § § § § § § § § § § § § § § § § § § | NO. 3:22-cv-00163-HRH |

# PLAINTIFFS' PROPOSED SURREPLY

Plaintiffs, the State of Alaska and the Alaska Department of Environmental Conservation (together, "Alaska" or "Plaintiffs"), file this surreply in Further Opposition to Federal Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (ECF 24) (the "Motion").

## ARGUMENT

In its Reply (ECF 31), Defendants further mischaracterize Alaska's allegations and introduce a new and demonstrably incorrect argument. Specifically, Defendants argue that because the 1998 Report and commitments made therein did not go through notice and comment rulemaking procedures, they are not "substantive binding rules" and cannot be subject to judicial review under the Administrative Procedure Act ("APA"). Reply, ECF 31 at 6-9.

This argument confuses "*substantive rules*"—which are subject to procedural formalities like notice and comment to be binding—with "*an agency rule . . . or the equivalent thereof*"—a subset of "agency actions" that are subject to judicial review under the APA. Defendants' notion that the APA restricts judicial review under Section 706(1) to substantive rules that underwent notice and comment lacks statutory and precedential authority and would improperly restrict judicial review of agency actions. Furthermore, even if Defendants' argument was true for the typical "agency rule," because the 1998 Report concerns "matter[s] relating to . . . public property," the APA expressly exempts it from notice and comment requirements. 5 U.S.C § 553(a)(2). Notice and comment

formalities play no role in the proper assessment of whether or not Plaintiff has sufficiently alleged that Defendants failed to take required "agency actions" in violation of the APA. And despite being unrelated to the issue at hand, the pledges Defendants made in the 1998 Report do constitute "substantive rules."

## I. Defendants Improperly Conflate "Substantive Rules" with "Agency Rules" or the "Equivalent Thereof."

Defendants now attempt to foreclose judicial review by incorrectly arguing that the statements in the 1998 Report are not "substantive rules" and therefore not "rules" or the "equivalent thereof" as defined by Section 551(4) of the APA. ECF 31, at 6. However, whether an agency statement is a "rule" under Section 551(4) of the APA is a wholly separate inquiry from whether it is a "substantive rule" subject to the APA's "notice and comment" requirements under Section 553 of the APA. Courts that have addressed this issue explicitly have found that "[w]hether agency action constitutes a 'rule' within the APA, 5 U.S.C. § 551(4), is significant apart from whether, assuming the existence of a rule, notice and comment is required by the Act, *id.* § 553." *U.S. Dep't of Labor v. Kast Metals Corp.*, 744 F.2d 1145, 1149 n.2 (5th Cir. 1984); *see also Trout Unlimited*, No. C05-1128C, 2005 WL 3242262, at *6 n.1 (W.D. Wash. Nov. 30, 2005), *aff'd and rev'd in part, and remanded on other grounds*, 559 F.3d 946 (9th 2009) (explaining that whether a "policy [qualifies] [as] a 'rule' — unqualified by the adjective 'substantive' — within the meaning of § 551 and constitute[s] 'agency action'" is separate from whether the rule is a "substantive rule").

Defendants' argument also lacks statutory support. The APA authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed" and broadly defines "agency action" as "the whole or a part of an agency rule, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 706(1); 5 U.S.C. § 551(13). "Rule" is in turn defined as "the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency . . . ." 5 U.S.C. § 551(4). These definitions are "meant to cover comprehensively every manner in which an agency may exercise its power" (*United Farm Workers v. Perdue*, No. 1:20-cv-01452-DAD-JLT, 20 U.S. Dist. LEXIS 201069, at *20 (E.D. Cal. Oct. 28, 2020)) and do not impose any requirement that, to qualify as an "agency action," a rule must undergo formal notice and comment requirements.

Ultimately, Defendants argument has no merit.[1] Alaska seeks to compel agency action unlawfully withheld or unreasonably delayed under 5 U.S.C. § 706(1), and is not

---

[1] Defendants cite to inapposite case law as support, including *United States v. Fifty-Three (53) Eclectus Parrots*, 685 F.2d 1131, 1136 (9th Cir. 1982). Reply at 6. *Eclectus Parrots* is an *in rem* forfeiture action brought by the government under the Tariff Act of 1930 (not under the APA) against a bird trader that received parrots from an importer that did not know their export from Indonesia without certain documentation violated various laws. The bird trader appealed the district court's grant of summary judgment, arguing that he should not have to forfeit the parrots due to non-culpability, arguing in part that the government failed to publish laws in the Customs Bulletin as the U.S. Customs Manual suggested, therefore excusing his ignorance of the laws. *Id.* at 1136. The Ninth Circuit recognized that "an agency can create a duty to the public which no statute has expressly created." *Id.* at 1135-36. However, the court found that the internal Customs Manual had not imposed duties upon an agency to the public. *Id.* Instead, the manual served as "a guide for Customs officers" and not intended for use by the public. *Id.* Consequently, the manual was not a "substantive rule" and thus not enforceable against the agency for purposes of the forfeiture action. *Id.* at 1136. *Eclectus Parrots* is procedurally and factually distinct

challenging the lawfulness of an agency pronouncement due to failure to comply with procedural formalities under Section 706(2) or any other provision. As such, the inquiry into whether the 1998 Report is a "substantive rule" has no impact on Alaska's Section 706(1) claim.

## II. Regardless, the Commitments within the 1998 Report Are "Substantive Rules."

Even if the Court determines that an analysis of "substantive rules" is necessary in its examination of "agency actions," the Court's conclusion should not change. A substantive rule is a rule that "create rights, impose obligations, or effect a change in existing law pursuant to authority delegated by Congress." *Yesler Terrace Cmty. Council v. Cisneros*, 37 F.3d 442, 449 (9th Cir. 1994); *see generally* 5 U.S.C. § 552. The commitments in the 1998 Report are "substantive rules" because, as discussed fully in Alaska's Opposition, they "impose obligations" upon DOI/BLM concerning the cleanup of contaminated ANCSA Lands, and the future conveyance of lands pursuant to ANCSA. Further, DOI/BLM were not required to publish its commitments in the Federal Register because they relate to transfer of federally owned lands under ANCSA, which are matters of "public property." 5 U.S.C. § 553(a)(2). And, critically, Defendants contention that they did not "receive[] public comment on the proposed Report" is patently false. ECF 31, at 4. Although not required to do so by the rulemaking provisions of the APA, Defendants

---

from the case at hand, and unlike the Customs Manual in *Eclectus Parrots*, DOI/BLM's commitments in the 1998 Report imposed duties upon the agencies to the public concerning, in part, future conveyance of ANCSA Lands.

solicited public input through twenty different ways. *See* Am. Compl. Ex. C, ECF 19-3 (1998 Report), at 39-42. For example, Defendants sought public participation by publishing a formal press release that "was distributed to all Alaska newspapers and radio stations in the State;" participating in radio interviews which aired across more than 300 communities in the State; consulting and briefing with stakeholders; sending information about the "goals and objectives of this project" and the "site surveys" to stakeholders for their review, including "an opportunity for comments and suggestions"; conducting approximately thirty telephone calls; meetings with federal agencies, regional agencies, Alaska state agencies, and ANCs; and sending draft report to stakeholders for "review and comment." As such, the commitments Defendants made in the 1998 Report are "substantive rules."

## CONCLUSION

For the foregoing reasons, and those discussed in Alaska's Response (ECF 25), Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss (ECF 24) in its entirety.

Dated: February 17, 2023		Respectfully submitted,

**FOR PLAINTIFFS**:		By:

By: TREG TAYLOR
ATTORNEY GENERAL

_____
CODY DOIG (AK Bar No. 2109091)
ASSISTANT ATTORNEY GENERAL
ALASKA DEPARTMENT OF LAW
1031 W. 4th Ave., Suite 200
Anchorage, AK 99501-1994
Telephone: (907) 269-5211
Cody.Doig@alaska.gov

/s/ *Jennifer C. Barks*
**KELLEY DRYE & WARREN LLP**
WILLIAM J. JACKSON (admitted *pro hac vice)*
Texas Bar No. 00784325
JENNIFER C. BARKS (admitted *pro hac vice*)
Texas Bar No. 24087257
MARIA F. PIMIENTA (admitted *pro hac vice*)
Texas Bar No. 24125685
KELLEY DRYE & WARREN LLP
515 POST OAK BLVD., SUITE 900
HOUSTON, TEXAS 77027
Telephone: (713) 355-5000
BJackson@kelleydrye.com
JBarks@kelleydrye.com
MPimienta@kelleydrye.com

ANDREW W. HOMER (admitted *pro hac vice*)
California Bar No. 259872
7825 Fay Avenue, Suite 200
La Jolla, CA 92037
Telephone: (858) 795-0426
AHomer@kelleydrye.com

**ATTORNEYS FOR THE PLAINTIFFS**